

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 9, 1949

Hon. Max W. Boyer
County Attorney
Ochiltree County
Perryton, Texas

Opinion No. V-897.

Re: Several questions regard-
    ing reimbursement of the
    sheriff for certain ex-
    penses incurred in the
    conduct of his office.

Dear Sir:

You have requested an opinion relative to

(1) the right of the sheriff to reim-
bursement for money expended by him for board
and lodging while away from the county seat
in the conduct of official business, and

(2) the right of the sheriff to reim-
bursement for money expended by him in feeding
prisoners.

Subdivision (b) of Article 3899, Vernon's Civ-
il Statutes, provided:

"Each officer named in this Act where
he receives a salary as compensation for his
services shall be entitled and permitted to
purchase or charge to his county all reason-
able expenses necessary in the proper and
legal conduct of his office."

The above quoted provision was construed in
Attorney General's Opinion No. 0-1102, by a prior admin-
istration, to include hotel bills and meals for a sher-
iff away from the county seat on official business, as-
suming that the same were necessary.

Subsequent to said opinion, House Bill 501,
Acts of the 50th Legislature, 1947 (Art. 6877-1, V.C.S.)
was enacted so as to provide different methods for al-
lowing the sheriff's transportation expenses, leaving
it within the discretion of the Commissioners' Court as
to the method it would follow. A. G. Opinion No. V-472.

It was held in Attorney General's Opinion No. V-472 that Art. 6877-1, V.C.S., superseded subdivision (1) of Section 19, Article 3912e (providing for traveling expense of the sheriff in counties in excess of 190,000 inhabitants) insofar as it covered the transportation expenses of the sheriff in counties in excess of 190,000 inhabitants. By like reasoning, it is our opinion that House Bill 501, Acts of the 50th Legislature, superseded subdivision b of Article 3899 insofar as it applies to the transportation expenses of the sheriff in counties of less than 190,000 inhabitants.

In Attorney General's Opinion No. V-526 it was held that the provisions of Article 6877-1 were mandatory and that the Commissioners' Court was not authorized to limit the number of miles the sheriff may travel in the performance of his official duties.

Therefore, in answer to your first question, it is our opinion that the provisions of Article 3899, subdivision (b), Vernon's Civil Statutes, were repealed by Article 6877-1 insofar as Article 3899 is applicable to the transportation expenses of the sheriff. It is our further opinion that Article 6877-1 did not amend Article 3899 with regard to the payment of any other necessary expense authorized by said Article. Therefore, you are advised that the sheriff of Ochiltree County is entitled to his hotel bills and meals incurred away from the county seat while in the discharge of his official business, assuming said bills are necessary expenses in the performance of said duties.

Your second question is answered by Attorney General's Opinion No. V-359 which holds that the sheriff is entitled to his actual and necessary expenses in feeding prisoners.

We herewith enclose copies of Opinions Nos. 0-1102, V-359, V-472, and V-526.

## SUMMARY

The sheriff is entitled to reimbursement for money spent for board and lodging while away from the county seat in the discharge of his official duties provided said

Hon. Max W. Boyer, page 3 (V-897)


      expenses are actual and necessary. Art.
3899, subd. (b), V.C.S.

                Yours very truly,

        ATTORNEY GENERAL OF TEXAS


      By

                 John Reeves
JR:mw:bh               Assistant
Encls.


       APPROVED

       FIRST ASSISTANT
       ATTORNEY GENERAL